Exhibit A

**GOODLEY MCCARTHY LLC**
Ryan P. McCarthy
NJ Attorney ID: 219022016
ryan@gmlaborlaw.com
James E. Goodley
NJ Attorney ID: 048572013
james@gmlaborlaw.com
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 394-0541

*Attorneys for Plaintiffs and the Putative Class*

| | |
|---|---|
| ATIYA BELL and ABEL FLORES,<br><br>On behalf of themselves and all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN INCOME LIFE INSURANCE COMPANY, GIGLIONE-ACKERMAN AGENCY, LLC, ERIC GIGLIONE, and DAVID ACKERMAN,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>MIDDLESEX COUNTY<br>LAW DIVISION<br><br>DOCKET NO.:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

Plaintiffs Atiya Bell and Abel Flores bring this class action on behalf of themselves and other similarly situated employees against Defendants American Income Life Insurance Company, Giglione-Ackerman Agency, Eric Giglione, and David Ackerman, on behalf of themselves and all other New Jersey registered insurance agents, for whom Defendants illegally denied both overtime and minimum wages.

## NATURE OF THIS ACTION

1. This is a putative class action brought by an employee of Defendants seeking

unpaid overtime and minimum wages, pursuant to the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.* ("NJWHL") and the New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.10 ("NJWPL").

## PARTIES AND VENUE

2. Plaintiff Atiya Bell is an adult resident of Newark, New Jersey. Plaintiff Bell was employed by Defendants as a registered insurance agent from approximately March 2018 to approximately March 2021.

3. Plaintiff Abel Flores is an adult resident of Jersey City, New Jersey. Plaintiff Flores was employed by Defendants as a registered insurance agent from approximately February 2021 to approximately April 2021 and then again from approximately October 2021 to approximately February 2022.

4. Defendant American Income Life Insurance Company (hereinafter "AIL") is an Indiana corporation with its headquarters located at 1200 Wooded Acres Drive, Waco, Texas, 76710.

5. AIL sells a variety of insurance products, including life, accident, and supplemental health insurance, including in the state of New Jersey.

6. Giglione-Ackerman Agency, LLC (hereinafter "GAA") is a New Jersey Limited Liability Company and the exclusive broker of AIL products in New Jersey as the State General Agent of AIL.

7. GAA is headquartered at 450 Raritan Center Parkway, Ste. A, Edison, New Jersey 08837.

8. Eric Giglione (hereinafter "Giglione") is a co-owner and manager of GAA and the New Jersey State Director of AIL.

2

9. Upon information and belief Giglione is a resident and citizen of Rumson, New Jersey.

10. David Ackerman (hereinafter "Ackerman" and together with AIL, GAA and Giglione, "Defendants") is a co-owner and manager of GAA.

11. Ackerman and Giglione supervised the work of Plaintiffs and Class Members and are responsible for the illegal payroll policies alleged in this Complaint. As such, Ackerman and Giglione are Plaintiffs' employers within the meaning of the NJWHL.

12. Upon information and belief Ackerman is a resident and citizen of East Windsor, New Jersey.

13. Plaintiffs seeks to represent the following class of similarly situated individuals:

> All employees of AIL or GAA, excluding of the State General Agent and the Regional General Agent, who worked as registered agents in New Jersey, (including but not limited to producers/agents, supervising agents, general agents, master general agent) and who worked during at least one workweek in the remote-work period from between approximately March 9, 2020, through present (the "COVID Remote-Work Class").

14. Plaintiffs also seeks to represent the following class of similarly situated individuals:

> All employees of AIL or GAA, excluding of the State General Agent and the Regional General Agent, who worked as registered agents in New Jersey, who worked as registered agents in New Jersey, (including but not limited to producers/agents, supervising agents, general agents, master general agent), and who worked during at least one workweek as trainees within the last six years and who were not paid at least the New Jersey minimum wage or overtime premium pay during those workweeks ("Training Class").

15. The COVID Remote-Work Class and the Training Class are jointly referred to throughout the Complaint as the "Classes."

3

16. Venue is proper in this County because GAA is headquartered in Middlesex County, and the cause of action arose in Middlesex because the illegal pay practices at issue in this action emanated from Middlesex headquarters. N.J. Ct. R. R. 4:3-2(a)(3).

## FACTUAL ALLEGATIONS

17. Defendant AIL is an international company based in Texas, which provides life, accident, and supplemental health insurance policies.

18. Defendant Giglione-Ackerman is the exclusive agent for AIL products in New Jersey, with more than 150 agents operating out of four offices, including Giglione-Ackerman's Edison, New Jersey headquarters.

19. In order to sell life insurance policies and other financial products offered by Defendants, Plaintiffs must enter into an agreement with Defendants (hereinafter the "Agent Agreement"), and become licensed to sell insurance in New Jersey.

20. Agent Agreements are also signed by representatives of Defendant AIL and the State General Agent Defendant Giglione-Ackerman.

21. In these agreements, Defendants misclassified Plaintiffs and those similarly situated as independent contractors while exercising control over Plaintiffs and those similarly situated consistent with an employment relationship.

22. Plaintiff Bell was employed by Defendants as a registered insurance agent in New Jersey from March 2018 to approximately March 2021. Plaintiff Flores was employed by Defendants as a registered insurance agent in New Jersey in two periods between February 2021 to February 2022. Plaintiffs' job was to sell AIL insurance policies to retail customers.

23. Plaintiffs and Class Members were compensated exclusively on a commission basis (i.e., a percentage of the cost of policies sold), and were typically paid their commissions on a weekly basis for the prior week's sales, if any.

24. Commissions were paid according to a commission schedule set by Defendants.

25. Although Plaintiffs and Class Members were at times provided an advance on their commissions (according to a schedule set by Defendants), there were multiple weeks during the applicable Class Periods in which they did not receive the full state minimum wage, and similarly multiple weeks in which they did not receive an overtime premium (of 150% of their regular rate of pay, being at least 150% of the minimum wage) for all hours worked in excess of forty hours.

## The "COVID Remote-Work Period"

26. Prior to the COVID-19 pandemic, Plaintiffs and other Class Members would travel in the field to make sales to customers.

27. However, from approximately March 9, 2020 through present (the "COVID Remote-Work Period"), Plaintiffs and other Class Members worked exclusively remotely (usually from home) and did not travel to make sales.

28. Plaintiffs and other Class Members worked substantial overtime. In Plaintiffs' cases, they typically worked approximately 50-60 hours per week.

29. The outside sales exemption, N.J.A.C. § 12:56-7.1 (incorporating the federal regulation 29 C.F.R. § 541.500 *et seq.*) exempts applicable employees from the guarantee of minimum wages and overtime pay from their employers. The outside sales exemption requires, inter-alia that the employee be "customarily and regularly engaged away from the employer's place or places of business in performing" sales work. 29 C.F.R. § 541.500(a)(2).

30. For purposes of the outside sales exemption, a salesperson's home or other fixed location is considered one of the employer's place of business. *See* 29 C.F.R. § 541.502 ("Thus, any fixed site, whether home or office, used by a salesperson as a headquarters or for telephonic solicitation of sales is considered one of the employer's places of business, even though the employer is not in any formal sense the owner or tenant of the property.").

31. Therefore, during the COVID Remote-Work Period, Plaintiffs and Class Members cannot, as a matter of law, possibly be exempt from the guarantee of minimum wages and overtime pay for all hours worked.

32. Defendants' failure during the COVID Remote-Work Period to pay Plaintiffs and Class Members at least the minimum wage for each hour worked, and overtime pay for hours worked in excess of 40 in a workweek, violated the NJWHL.

<u>Training</u>

33. Plaintiffs and Class Members were required to (and did) attend a two-week training program run by Defendants.

34. During the training period, Plaintiffs and Training Class Members worked approximately 40-50 hours per week and performed training activities such as reviewing scripts, studying the various products offered by Defendants, and learning pitch and sales techniques.

35. During the training period, Plaintiffs and Training Class Members were paid no wages at all.

36. During the training period, Class Members did not travel to customers or make sales and were not exempt from the guarantee of minimum wages and overtime pay.

37. During the training period, Class Members were unlicensed and were not permitted to sell insurance, nor receive commissions.

6

38. Defendants' failure during the Training Period to compensate Plaintiffs and Class Members at least in the amount of the minimum wage and overtime pay for hours worked in excess of 40 is thus a violation of the NJWHL.

## CLASS ACTION ALLEGATIONS

39. This action is maintainable as a class action under Rule 4:32.

40. The putative Classes are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number would be based are within the sole custody and/or control of Defendants, upon information and belief, Defendants have employed in excess of 50 COVID Class Members and in excess of 50 Training Class Members in New Jersey during the applicable Class Periods.

41. Among the proposed class, common questions of law and fact exist as to all Class Members and predominate over any questions that affect only individual Class Members. Those common questions include, but are not limited to:

    a. Whether Defendants failed to pay the minimum wage to Class Members during the applicable Class Periods.

    b. Whether Defendants failed to pay Class Members an overtime premium for all hours worked in excess of forty (40) per workweek during the applicable Class Periods.

    c. Whether members of the Classes are exempt from a right to minimum and overtime wages.

42. Plaintiffs' claims are typical of those belonging to members of the Classes in that: (1) Plaintiffs are a member of the Classes; (2) Plaintiffs' claims arise from the same practice or course of conduct that forms the basis of the Classes' claims; (3) Plaintiffs' claims are based

upon the same legal and remedial theories as those of the Classes and involve similar factual circumstances; (4) there is no antagonism between the interests of Plaintiffs and absent Class Members; and (5) the injuries that Plaintiff suffered are similar to the injuries that Class Members suffered.

43. Plaintiffs will fairly and adequately represent the Classes. There is no conflict between Plaintiffs' claims and those of other Class Members. Plaintiffs have retained counsel who are skilled and experienced in class actions and who will vigorously prosecute this litigation.

44. The Classes are readily ascertainable from Defendants' own records.

45. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable. Furthermore, the damages suffered by individual Class Members may be relatively small and the expense and burden make it impracticable for Class Members to individually seek redress.

46. Plaintiffs know of no difficulty that might be encountered in the management of this litigation that would preclude its maintenance as a class action.

**COUNT ONE**
**NJWHL Minimum Wage and Overtime Pay Violations**
**Plaintiff and the Classes v. Defendants**

47. Plaintiffs, on behalf of themselves and all Class Members, re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

48. The NJHWL, N.J. Stat. Ann. § 34:11-56a4(a), entitles employees to an amount equal to or greater than the minimum wage for all hours worked.

8

49. The NJHWL, N.J. Stat. Ann. § 34:11-56a4(b), requires employers to pay employees an overtime premium at a rate of "not less than 1 ½ times such employee's regular hourly rate for each hour of working time in excess of 40 hours in any week."

50. While the "regular hourly rate" is typically based on the rates actually paid to the employee, that rate, of course, cannot be less than the applicable statutory minimum wage for the work performed.

51. Plaintiffs' "regular hourly rate" for purposes of calculating overtime compensation under the NJWHL was the higher of the state minimum wage, the federal minimum wage and the regular rate based on commissions paid <u>in that week</u>.

52. Plaintiffs and the Class Members are not exempt under state law from an entitlement to minimum wages or overtime pay.

53. As described herein, Plaintiffs and Class Members earned less than the state minimum wage for all hours worked. Plaintiffs and Class Members also worked in excess of forty (40) hours per week, and Defendants unlawfully failed to pay Plaintiffs and Class Members full and proper overtime wages because Defendants unlawfully treated Plaintiffs and Class Members exempt from overtime pay.

54. As a result of these violations, Defendants are liable for unpaid minimum and overtime wages, interest, liquidated damages equal to 200% of the unpaid wages, and attorneys' fees and costs (with appropriate fee enhancements), as well as further relief as described below.

9

## COUNT TWO
## NJWPL, N.J.S.A. § 34:11-4.1(c)
### Plaintiff and the Classes v. Defendants

55. Plaintiffs, on behalf of themselves and all Class Members, re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

56. The NJWPL provides employees a private right of action for violations of the NJWHL and other state wage and hour laws. N.J.S.A. § 34:11-4.10(c).

57. As described herein, Defendants violated the NJWPL by failing to pay Plaintiffs and the Classes minimum wages, as well as overtime wages for each hour worked over forty (40) in a workweek as required by the NJWHL.

58. Defendants' violation of the NJWPL was not an inadvertent error made in good faith; nor were there any reasonable grounds for belief that Defendants' actions were not a violation of the NJWHL and the NJWPL. Rather, in flagrant disregard of New Jersey law, Defendants made no attempt to pay Plaintiffs or any Class Members the minimum and overtime wages required by state law, despite having knowledge of these legal mandates.

59. Pursuant to N.J.S.A. § 34:11-4.10(c), employers such as Defendants, who fail to pay employees wages in conformance with state law, shall be liable to the employees for the unpaid wages, liquidated damages equal to 200% of the unpaid wages, plus court costs, expenses, and attorneys' fees incurred.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request this Court to grant the following relief against Defendants as follows:

A. Certify this action as a class action pursuant to Rule 4:32, and appoint Plaintiffs as Class Representatives of the Classes and their attorneys as Class Counsel;

B. Direct class notice to all Class Members;

C. Declare that Defendants failed to pay overtime and minimum wages as required by the NJWHL and NJWPL;

D. Award all unpaid minimum and overtime wages, plus liquidated damages in the amount of 200% of all unpaid or underpaid wages to Plaintiffs and Class Members;

E. Award pre-judgment and post-judgment interest at the highest rates allowed by law;

F. Award costs and expenses of this action;

G. Award reasonable attorneys' fees (with appropriate fee enhancements); and

H. Award such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to N.J. Ct. R. R. 4:35-1, Plaintiff demands a trial by jury on claims so triable.

Date: September 30, 2022                    /s/ James E. Goodley

## DESIGNATION OF TRIAL COUNSEL

Pursuant to N.J. Ct. R. R. 4:5-1(c), Ryan P. McCarthy and James E. Goodley, Esq. are hereby designated as trial counsel for Plaintiff and all Class Members.

Date: September 30, 2022                    /s/ James E. Goodley

## CERTIFICATION PURSUANT TO N.J. Ct. R. R. 4:5-1(b)(2)

I hereby certify, pursuant to N.J. Ct. R. R. 4:5-1, that the matter in controversy herein is the subject of no other pending or contemplated legal proceeding or arbitration.

Date: September 30, 2022                             /s/ James E. Goodley

## CERTIFICATION PURSUANT TO N.J. Ct. R. R. 4:5-1(b)(3)

I hereby certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with N.J. Ct. R. R. 1:38-7(b).

Date: September 30, 2022                             /s/ James E. Goodley

Dated: September 30, 2022                            Respectfully submitted,

/s/ James E. Goodley
**GOODLEY MCCARTHY LLC**
James E. Goodley
NJ Attorney ID: 048572013
james@gmlaborlaw.com
Ryan P. McCarthy
NJ Attorney ID: 219022016
ryan@gmlaborlaw.com
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 394-0541

Ria Julien*
**JULIEN MIRER & SINGLA, PLLC**
rjulien@workingpeopleslaw.com
1 Whitehall Street, 16th Floor
New York, NY 10004
Tel: (212) 231-2235

*Attorneys for Plaintiff and the Classes*
*\*Pro hac vice application to be filed*

# Civil Case Information Statement

**Case Details: MIDDLESEX | Civil Part Docket# L-004928-22**

**Case Caption:** BELL ATIYA VS AMERICAN INCOME LIFE INSURANC
**Case Initiation Date:** 09/30/2022
**Attorney Name:** JAMES EDWARD GOODLEY
**Firm Name:** GOODLEY MCCARTHY LLC
**Address:** 1650 MARKET STREET, SUITE 3600 PHILADELPHIA PA 19103
**Phone:** 2153940541
**Name of Party:** PLAINTIFF : Bell, Atiya
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** EMPLOYMENT (OTHER THAN CEPA OR LAD)
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Atiya Bell?** NO

**Are sexual abuse claims alleged by: Abel Flores?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**
Complex class action wage case.

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
   **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** YES  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

09/30/2022                                                                                      /s/ JAMES EDWARD GOODLEY
Dated                                                                                                                    Signed